```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF DELAWARE

IN RE:                                 :
                                       :   Chapter 11
ADVANCED MARKETING SERVICES, INC.,     :   Case No. 06-11480-CSS
a Delaware corporation, et al.,        :   Jointly Administered
                                       :
         Debtors.                      :   Adv. Pro. No. 07-50004-CSS
_____:_____

SIMON & SCHUSTER, INC., a New York     :
corporation,                           :
                                       :
         Plaintiff,                    :
                                       :
    v.                                 :   Misc. Act. No. 07-28-JJF
                                       :
ADVANCED MARKETING SERVICES, INC.,     :
a Delaware corporation,                :
                                       :
         Defendant.                    :
```

### MEMORANDUM ORDER

Pending before the Court is a Motion For Leave To Appeal (D.I. 1) filed by Plaintiff, Simon & Schuster, Inc. ("Simon & Schuster"). By its Motion, Simon & Schuster seeks leave to appeal an Order of the United States Bankruptcy Court for the District of Delaware denying its application for a temporary restraining order ("TRO").

The decision of whether to grant leave to file an interlocutory appeal is informed by the criteria set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeal. See In Re Magic Restaurants, Inc., 202 B.R. 24, 25 (D. Del.1996). Leave to file an interlocutory appeal may be granted when the order at issue (1) involves a controlling question of law upon which there is

(2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corporation, 496 F.2d 747, 754 (3d Cir. 1974). However, these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal. Leave to file an interlocutory appeal may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue. Id. Because an interlocutory appeal represents a deviation from the basic judicial policy of deferring review until the entry of a final judgement, the party seeking leave to appeal an interlocutory order must also demonstrate that exceptional circumstances exist. Magic Restaurants, 202 B.R. at 26 (citations omitted).

In the Third Circuit, the grant or denial of a motion for TRO is generally not appealable. Simon v. Robinson, 196 Fed. Appx. 54, 56 (3d Cir. 2006); Robinson v. Lehman, 771 F.2d 772, 782 (3d Cir. 1985); Richardson v. Kennedy, 418 F.2d 235 (3d Cir. 1969). Indeed, neither this Court, nor any of the parties to this action have been able to locate any cases in the Third Circuit allowing for an appeal from the denial of a TRO. Simon & Schuster suggests that the Bankruptcy Court has already made up its mind regarding the merits of Simon & Schuster's reclamation

2

claims; however, the Bankruptcy Court's decision only addressed the "likelihood" of success on the merits as required for a TRO, and no final conclusions regarding Simon & Schuster's ultimate success were rendered. See University of Texas v. Camenisch, 451 U.S. 390, 394-395 (1981) (noting that it is improper to equate likelihood of success on the merits with actual success on the merits); United States v. Local 560, 974 F.2d 315, 330 (3d Cir. 1992) (recognizing that "a decision on a preliminary injunction is, in effect, only a prediction about the merits of the case").

Moreover, the Court is not persuaded that Simon & Schuster has established the criteria necessary for justifying an interlocutory appeal. Simon & Schuster suggests that controlling questions of law are at issue in this appeal, because the underlying claim involves a relatively new statutory amendment. However, the novelty of the legal question at issue is not dispositive of the question of whether a controlling legal issue is presented. Rather, the operative inquiry is whether the legal conclusions, if erroneous, would constitute reversible error on final appeal. Katz, 496 F.2d at 755. The Bankruptcy Court's holdings with respect to its decision denying a TRO are all preliminary in nature, and therefore, cannot constitute matters which would be reversible on final appeal. Clark v. K-Mart Corp., 979 F.2d 965, 969 (3d Cir. 1992) (recognizing that findings of fact and conclusions of law rendered during

3

preliminary injunction stage of the proceedings are not binding).

In addition, the Court is not persuaded that Simon & Schuster has established either of the remaining prongs required for interlocutory appeal. A question of first impression, a lack of judicial authority on a legal question, or a party's disagreement with a court's decision do not demonstrate a substantial ground for difference of opinion. Magic, 202, B.R. at 26; In re Sharps Run Assoc., 157 B.R.776, 779, n.6 (D.N.J. 1993). Further, it appears to the Court that, regardless of the TRO ruling, the Bankruptcy Court will be required to preside over additional proceedings related to Simon & Schuster's claim whether it be further injunctive proceedings, summary judgment proceedings, or a trial. In these circumstances, the Court is not persuaded that an interlocutory appeal would materially advance the ultimate termination of this litigation.

NOW THEREFORE, IT IS HEREBY ORDERED that the Motion For Leave To Appeal (D.I. 1) filed by Plaintiff, Simon & Schuster, Inc. is **DENIED**.

April 3, 2008
DATE

Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE